# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58659-2-II |
| Respondent, | |
| v. | |
| DAVID WILLIAM RICARDEZ, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, C.J.—David Ricardez appeals his sentence on the grounds that the superior court should be able to modify the firearm enhancements on his base sentence through an exceptional sentence. He argues that *State v. Brown*, 139 Wn.2d 20, 983 P.2d 608 (1999)—which held that RCW 9.94A.533(3)(e) deprives sentencing courts of discretion to impose an exceptional sentence regarding firearm enhancements—should be overruled.

Washington Supreme Court precedent holds that RCW 9.94A.533(3)(e) deprives sentencing courts of the discretion to impose an exceptional sentence with regard to firearm enhancements. Thus, we affirm Ricardez's sentence.

## FACTS

David Ricardez was convicted of second degree assault (count 1), first degree burglary (count 2), possession of a stolen vehicle (count 3), second degree unlawful possession of a firearm

(count 4), and third degree assault (count 5). The superior court sentenced Ricardez to a 116-month term of confinement for burglary in the first degree (count 2), with concurrent sentences on the other counts. The sentence for burglary in the first degree (count 2) included a 60-month firearm enhancement, and the sentence for assault in the second degree (count 1) included a 36-month firearm enhancement. Both firearm enhancements were run consecutive to each other and to the base sentence for a total sentence of 212 months.

On appeal, this court affirmed Ricardez's convictions but remanded to correct errors in his judgment and sentence. The sentencing court had mistakenly imposed both the 60-month firearm enhancement and the 36-month firearm enhancement on count 2, and the combination of prison time and community custody imposed on count 1 exceeded the statutory maximum sentence for the crime. At resentencing, Ricardez asked the sentencing court to find that the consecutively run firearm enhancements resulted in an excessive presumptive sentence and to run the enhancements concurrently to each other. The sentencing court denied Ricardez's request and concluded that it was required to run the firearm enhancements consecutively:

> [A]s to the enhancements, I have seen no legal authority to support running firearm enhancements, which by the way, the legislature has been very clear, they did this on purpose, they made -- I am not saying I agree with it, it doesn't matter if I agree with it, my personal opinion or preference is irrelevant, as all of ours is irrelevant. The legislature made it very clear that all firearm enhancements are to run consecutive to each other and consecutive to the underlying offenses, and that was by design. And as far as I'm aware, there is no authority for the Court to do anything but that.

Verbatim Rep. of Proc. (VRP) (Aug. 29, 2023) at 12-13. Accordingly, the sentencing court denied Ricardez's request and affirmed the original sentence of 212 months.

ANALYSIS

Ricardez contends that the sentencing court should be able to modify his firearm enhancements through an exceptional sentence. In *Brown*, the Washington Supreme Court held that the firearm enhancements listed under RCW 9.94A.533(3)(e) are mandatory, immune from modification, and must run consecutive to the base sentence and to one another. 139 Wash.2d at 610. *Brown* is still binding precedent. *State v. Kelly*, 25 Wn. App. 2d 879, 887, 526 P.3d 39 (2023). Therefore, we affirm Ricardez's sentence and conclude that sentencing courts are deprived of discretion to impose exceptional sentences with regard to mandatory deadly weapon enhancements.

A. Legal Principles

Statutory interpretation is a question of law that we review de novo. *State v. Abdi-Issa*, 199 Wn.2d 163, 168, 504 P.3d 223 (2022). When interpreting a statute, our goal is to ascertain and effectuate the legislature's intent. *Id*. Interpretation of a statute begins with an examination of the plain language of the statute, considering the entire statutory scheme and how the provisions in question fit within the statutory scheme as a whole. *Id*. at 168-69. The inquiry ends if the plain language of the statute is clear. *Id*. at 169. If the words of the statute are unclear, we may consult the legislative history and other tools of statutory interpretation. *Id*.

Under RCW 9.94A.535, a court may impose an exceptional sentence outside of the standard range if "there are substantial and compelling reasons justifying an exceptional sentence." RCW 9.94A.535. However, RCW 9.94A.533(3)(e) states: "Notwithstanding any other provision of law, all firearm enhancements under this section are mandatory, shall be served in total

confinement, and shall run consecutively to all other sentencing provisions, including other firearm or deadly weapon enhancements, for all offenses sentenced under this chapter."

In *Brown*, our supreme court held that the plain language of RCW 9.94A.533(3)(e) deprives sentencing courts of discretion to impose an exceptional sentence for firearm enhancements. 139 Wn.2d at 29; *Kelly*, 25 Wn. App. 2d at 887. Subsequent Court of Appeals cases have adopted the same holding as our supreme court in *Brown*. *State v. Wright*, 19 Wn. App. 2d 37, 52, 493 P.3d 1220 (2021), *review denied*, 199 Wn.2d 1001 (2022); *State v. Mandefero*, 14 Wn. App. 2d 825, 473 P.3d 1239 (2020); *State v. Brown*, 13 Wn. App. 2d 288, 291, 466 P.3d 244 (2020); *Kelly*, 25 Wn. App. 2d 879. The legislature has not modified the language of RCW 9.94A.533(3)(e) regarding mandatory firearm enhancements since *Brown* was decided in 1999, indicating tacit approval of our supreme court's interpretation. *Kelly*, 25 Wn. App. 2d at 888-89.

B. Application

We are "bound to follow Supreme Court precedent." *Kelly*, 25 Wn. App. at 888. The Washington Supreme Court is currently considering a case that could determine whether sentencing courts may reduce firearm enhancements through mitigated exceptional sentences. *See* Wash. Sup. Ct. oral argument, *State v. Timothy Kelly*, No. 102002-3 (Feb. 15, 2024), *video recording* by TVW, Washington State's Public Affairs Network, https://tvw.org/video/washington-state-supreme-court-2024021250/?eventID=2024021250.

Ricardez acknowledges that *Brown* is binding upon us. We, of course, cannot "overrule" supreme court precedent, even if we were to agree that the holding in *Brown* is incorrect and

harmful.[1] Here, the sentencing court was required, by the plain language of the statute and by *Brown*, to run the mandatory firearm sentencing enhancements consecutive to one another and to the base sentence. RCW 9.94A.533(3)(e) plainly states that "all firearm enhancements . . . shall run consecutively to all other sentencing provisions, including other firearm or deadly weapon enhancements." RCW 9.94A.533(3)(e). We affirm.

## CONCLUSION

We hold that the sentencing court was correct. Under RCW 9.94A.533(3)(e) and Washington Supreme Court precedent, firearm enhancements cannot be modified through an exceptional sentence, and they must run consecutively to each other and to the base sentence. We affirm Ricardez's sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
CRUSER, C.J.

We concur:

_____
PRICE, J.

_____
CHE, J.

---

[1] Ricardez's brief is presented to us in the form of a placeholder, and it is clear he intends to seek review of this issue in our supreme court.